UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VANEITHA WARE,

    Plaintiff,

v.                                                          Case No:  2:21-cv-921-JLB-KCD

KILOLO KIJAKAZI, Acting Commissioner of
Social Security Administration,

    Defendant.
_____

## ORDER

Defendant, the Commissioner of Social Security ("Commissioner"), has filed an Unopposed Motion for Entry of Judgment with Remand. (Doc. 27.) The Commissioner requests remand under sentence four of 42 U.S.C. § 405(g) for the following reasons:

> The Commissioner believes that remand would be appropriate for further administrative proceedings. Specifically, the Administrative Law Judge (ALJ) should: (1) further consider Plaintiff's maximum residual functional capacity; (2) if warranted, obtain supplemental evidence from a vocational expert; (3) offer Plaintiff an opportunity for a hearing; (4) take any further action needed to complete the administrative record; and (5) issue a new decision.

(Id. at 1.) The Commissioner also advises that Plaintiff does not object to remand. (Id.)

Pursuant to sentence four of section 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or

without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  When a case is remanded under sentence four of section 405(g), the district court's jurisdiction over the plaintiff's case is terminated.  Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir. 1996).  "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand."  Shalala v. Schaefer, 509 U.S. 292, 297 (1993).  A remand under sentence four of section 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits."  Jackson, 99 F.3d at 1095.  Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision.

Accordingly, it is **ORDERED**:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Remand (Doc. 27) is **GRANTED**.

2. The Commissioner's decision is **REVERSED**, and this case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

3. If Plaintiff prevails in this case on remand, Plaintiff is **DIRECTED** to comply with the December 7, 2021 order (Doc. 43) in Miscellaneous Case No. 3:21-mc-1-TJC.

4. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

**ORDERED** at Fort Myers, Florida, on August 29, 2022.

*John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE